Hunt and Another *v.* Reeves.

The declaration in debt on a bond conditioned that the defendant would, on the 1*st of June*, 1838, make the plaintiff a sufficient deed of conveyance in fee-simple for a certain tract of land, averred that the defendant did not make the deed on the said day nor at any other time, and that the defendant had no title to the land. Pleas, 1st, a tender of the deed on the 27*th of October*, 1838; 2dly, that on the 1*st of June*, 1838, and ever since, the defendant was ready to make the deed, but it was not demanded. *Held*, on general demurrer, that both the pleas were bad.

In such case the suit is for the penalty, and the damages laid in the declaration are to cover those to which the plaintiff may be entitled beyond the amount of the penalty.

ERROR to the *Tippecanoe* Circuit Court.

Blackford, J. — *Reeves* sued *Hunt* and another in an action of debt on a penal bond. The bond is in the penalty of 2,000 dollars, and is dated the 8th of *March*, 1838. The condition is, that whereas *Hunt* had on that day sold to the plaintiff certain tracts of land, (which are described,) for 960 dollars in hand paid, now if *Hunt* should make a good and sufficient deed of conveyance in fee-simple for the land, on or before the 1st of *June*, 1838, the bond was to be void, otherwise in force. The declaration avers, that *Hunt* neither did nor would, on or before the 1*st of June*, 1838, nor at any other time, make the deed, but had wholly refused to do so. It is further averred, that *Hunt* never had a legal title for the land, and never could, nor can he yet, make the deed. Damage, 200 dollars.

First plea; that since the commencement of the suit, viz. on the 27*th of October*, 1838, the defendant, *Hunt*, tendered to the plaintiff a good and sufficient deed of conveyance in fee-simple for the premises, &c. Second plea; that on the 1*st of June*, 1838, and up to the commencement of this suit, *Hunt* was ready and willing to make the plaintiff a good and sufficient deed of conveyance in fee-simple for the premises, if the plaintiff had requested the deed, but that he did not request it.

Replications were filed to these pleas; the replications demurred to; and the pleas adjudged to be bad. Interlocutory judgment and a writ of inquiry. The jury assessed the damages at 999 dollars and 52 cents. Final judgment for the penalty of the bond.

Nov. Term,     The pleas are both bad, on the ground that the averment
1839.      in the declaration, viz. that on the 1*st* of *June*, 1838, *Hunt*
GODFREY    *had no title to the land*, is not answered in either of them.  It
v.      is no answer to this breach to say, that the defendant was
M'CULLOCH.  ready, on the day, to execute a good deed for the land, nor
even to say, that he tendered such deed on the day.  If he
had no title, his conveyance with all the usual covenants for
title, would not convey the valid title, which, by his cove-
nant, he was bound to convey.  It is said in a late case,
that a covenant to cause to be conveyed by a good and
sufficient warranty deed, is not complied with by the mere
giving a warranty deed, where the grantor has no title to
the land, or where his title is imperfect.  *Everson* v. *Kirt-
land*, 4 Paige, 628.

The first plea is bad for another reason.  A tender made
*after* the time fixed by the contract, in such cases, for the
execution of the deed, cannot be pleaded in a Court of law,
to an action on the contract.  1 Sugd. on Vend. 419, 420.—
*Bank of Columbia* v. *Hagner*, 1 Peters' S. C. Rep. 455, 465.

The judgment is objected to, because the damages assessed
exceed those laid in the declaration.  This objection has no
foundation.  The suit is for 2,000 dollars, the penalty of the
bond, and the damages laid are to cover those to which the
plaintiff may be entitled beyond the amount of the penalty.
The final judgment in this case is for the penalty, and the
damages assessed and to be collected are less than the
penalty.  The damages laid in the declaration have, there-
fore, nothing to do with this case.

*Per Curiam.*—The judgment is affirmed with costs.

*A. S. White* and *R. A. Lockwood*, for the plaintiffs.
*J. Pettit*, for the defendant.